OVADIA 6.1-011

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

JOSEPH OVADIA and            X
OVADIA CORPORATION,

                          : Civil Action No.: 04-2692(RWS)

        Plaintiffs,

                          : Hon. Robert W. Sweet

      v.

                          : **PLAINTIFFS' RULE 56.1 STATEMENT**
MING FUNG JEWELRY CORP.,     **OF DISPUTED FACTS IN OPPOSITION**
                          : **TO DEFENDANT'S RULE 56.1**
                            **STATEMENT**

        Defendant.

                      X

TO:  John Moncrief, Esq.,
      70 Lafayette Street, 4th Floor
      New York, New York 10013

     In response to Defendant's Motion For Summary Judgment and pursuant to Local Rule 56.1, Plaintiffs submit the following Statement of Material Facts responding to each numbered paragraph of the Moving Party. Plaintiffs cite to controverting evidence in response to certain statements in Defendant's Rule 56.1 Statement, for which plaintiffs contend there are material facts on which there is a genuine issue to be tried:

     1) Ming Fung Jewelry Corp. did **use display cases** corresponding to and coming within the scope of the claims of Plaintiffs' U.S. Patent No. **5,649,625** at the JA International Winter Show held at the Jacob Javits Center in January of 2004. (*See Affidavit of Hartmann, annexed with this Opposition*).

2) Ming Fung Jewelry Corp. did **use display cases** corresponding to and coming within the scope of the claims of Plaintiffs' U.S. Patent No. **5,758,765** at the JA International Winter Show held at the Jacob Javits Center in January of 2004. (*See Affidavit of Hartmann, annexed with this Opposition*).

3) Ming Fung Jewelry Corp. did **use display cases** corresponding to and coming within the scope of the claims of Plaintiffs' U.S. Patent No. **5,775,484** at the JA International Winter Show held at the Jacob Javits Center in January of 2004. (*See Affidavit of Hartmann, annexed with this Opposition*).

4) Ming Fung Jewelry Corp. did **use display cases** corresponding to and coming within the scope of the claims of Plaintiffs' U.S. Patent No. **5,913,417** at the JA International Winter Show held at the Jacob Javits Center in January of 2004. (*See Affidavit of Hartmann, annexed with this Opposition*).

5) Ming Fung Jewelry Corp. did **use display cases** corresponding to and coming within the scope of the claims of Plaintiffs' U.S. Patent No. **5,957,274** at the JA International Winter Show held at the Jacob Javits Center in January of 2004. (*See Affidavit of Hartmann, annexed with this Opposition*).

6) through 10) With regard to defendant's paragraphs Numbered 6 through 10, for the sole purposes of this Motion, Plaintiffs do not contend that Ming Fung Jewelry Corp. **sold** display cases corresponding to or coming within the scope of Plaintiffs' U.S. Patent Nos. **5,649,625**; **5,758,765**; **5,775,484**; **5,913,417**; **5,957,274** at the JA International Winter Show held at the Jacob A. Javits Center in January of 2004.

11) Ming Fung Jewelry Corp., did induce others (such as Top Ten Jewelry Corp.) to use display cases which infringe Plaintiffs' U.S. Patent No. 5,649,625 at the JA International Winter Show held at the Jacob A. Javits Center in January of 2004. (*See Affidavit of Hartmann, annexed with this Opposition).*

12 through 15) With regard to defendant's paragraphs Numbered 12 through 15, for the sole purposes of this Motion, Plaintiffs do not contend that Ming Fung Jewelry Corp. **induced others to use** display cases corresponding to or coming within the scope of Plaintiffs' U.S. Patent Nos. **5,758,765**; **5,775,484**; **5,913,417**; **5,957,274** at the JA International Winter Show held at the Jacob A. Javits Center in January of 2004.

16) through 20)  With regard to defendant's paragraphs Numbered 16 through 20, for the sole purposes of this Motion, Plaintiffs do not contend that Ming Fung Jewelry Corp. **continued to use** display cases corresponding to or coming within the scope of Plaintiffs' U.S. Patent Nos. **5,649,625**; **5,758,765**; **5,775,484**; **5,913,417**; **5,957,274**.

21) through 25)  With regard to defendant's paragraphs Numbered 21 through 25, for the sole purposes of this Motion, Plaintiffs do not contend that Ming Fung Jewelry Corp. **continued to sell** display cases corresponding to or coming within the scope of Plaintiffs' U.S. Patent Nos. **5,649,625**; **5,758,765**; **5,775,484**; **5,913,417**; **5,957,274**.

26 through 30)  With regard to defendant's paragraphs Numbered 26 through 30, for the sole purposes of this Motion, Plaintiffs do not contend that Ming Fung Jewelry Corp. **continued to induce others to use** display cases corresponding to or coming within the scope of Plaintiffs' U.S. Patent Nos. **5,649,625**; **5,758,765**; **5,775,484**; **5,913,417**; **5,957,274**.

<u>**ADDITIONAL FACTS IN DISPUTE**</u>

31) Defendant's use of infringing display cases/trays at the January 2004 Javits show was <u>willful</u> since Defendant had knowledge of the patents-in-suit since October 2002, when it purchased authorized trays from Plaintiff's distributor, Advanced Jewelry Display, bearing a patent notice. (*See Affidavit of Hartmann, annexed with this Opposition).*

32) Defendant's infringing actions are willful and therefore come within the meaning of an exceptional case.  (*See Affidavit of Hartmann, annexed with this Opposition).*

Respectfully submitted,


By:   /s/ Joseph Sutton
JOSEPH SUTTON, Esq. (JS-9864)
**Ezra Sutton, P.A.**
Plaza 9, 900 Route 9
Woodbridge, New Jersey 07095
(732) 634-3520
(732) 634-3511 FAX


Dated:  Woodbridge, New Jersey
          December 10, 2004